UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA,<br>    Plaintiff,<br> v.<br>XIAOSONG ZHANG, et al.,<br>    Defendants. | Case No. 20-cv-09119-JCS<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 6, 10 |

## I. INTRODUCTION

Plaintiff Ali Poorsina, proceeding pro se, has filed a "Complaint for Cancellation of a Security Instrument, to Quiet Title and Punitive Damages" ("Complaint") naming as defendants Samuel Wang, Xiaosong Zhang and Meng Li. Defendants Zhang and Li, who are husband and wife, bring a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Zhang/Li Motion"). Defendant Wang brings a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim Upon Which Relief May be Based ("Wang Motion"). The Court finds the Motions are suitable for determination without oral argument and therefore vacates the motion hearing set for April 9, 2021. The Case Management Conference set for the same date is also vacated. For the reasons stated below, the Motions are GRANTED.[1]

---
[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Previous Cases

Poorsina has been a party to three actions in this Court related to the property that is the subject of his claims in this case, 1563 28th Avenue, San Francisco, CA ("the Property").

The first action was initiated in state court by Peak Foreclosure, which foreclosed upon the Property in 2017 and deposited surplus funds from the sale with the court, seeking a declaration as to the proper distribution of the funds where there were potentially conflicting claims. *See* Case No. C-19-1385 LB, dkt. no. 2-1 (Notice of Removal, Ex. A (complaint)). That case was removed to this Court by the United States, which was one of the claimants. In August 2019, the court granted the United States' unopposed motion for summary judgment, and in January 2020, the court disbursed $34,187.63 to the United States to satisfy a tax lien and dismissed it from the case. Poorsina (who was also a claimant to the proceeds) was also awarded a share of the surplus funds in that case.

In November 2020, Poorsina brought an action against Peak Foreclosure for alleged violations of the Rosenthal Fair Debt Collection Practices Act, unfair business practices and violation of the federal Fair Debt Collection Practices Act. *See* Case No. C-20-8282 WHO. The court granted Peak Foreclosure's motion to dismiss for failure to state a claim and dismissed Poorsina's complaint with prejudice on the grounds that the claims were barred by the applicable statutes of limitations and the alleged violations were not cognizable under the asserted statutes. In that case, the court dismissed the complaint without leave to amend, finding that amendment would be futile.

In December 2020, Poorsina filed another complaint related to the foreclosure on the Property, this time against Tan Tseng – the owner of an LLC that bid at the foreclosure sale – and various other "co-conspirators" for alleged bid rigging and conspiracy to commit mail fraud. *See* Case No. C-20-9122 AGT. That case is pending.

### B. The Complaint

Poorsina filed the Complaint in this Court on December 14, 2020. Poorsina alleges that he is the previous owner of the property in question, 1563 28th Avenue, San Francisco, California,

and lived there from 2005–2017. Complaint ¶ 4. According to Poorsina, the Property was sold in 2017 as the result of a wrongful foreclosure. *Id.* ¶ 5. As shown by deeds attached as exhibits to the Complaint, the property was bought by Steppingstone Assets Group LLC, whose sole member was Tan Tseng. *Id.*, Ex. A (9/14/17 conveyance deed granting title to Steppingstone Assets Group LLC("Conveyance Deed")); Ex. B (3/22/2019[2] transfer deed listing Tan Tseng as "sole member" of Steppingstone Assets Group LLC ("Transfer Deed")); *see also* Complaint ¶¶ 7-9 (alleging that Tan Tseng was the "bone fide purchaser" of the Property and citing the Conveyance Deed). Tseng transferred title to the Property to Zhang and Li in March 2019. Complaint ¶ 8 & Ex. B (Transfer Deed).

According to Poorsina, on April 1, 2019, Zhang and Li received a government sponsored Fannie Mae residential loan in the amount of $1,640,000 from Wells Fargo, secured by the 2018 Samuel Wang Revocable Trust ("Wang Revocable Trust"), making Wells Fargo the lender for the Property. *Id.* ¶¶ 6, 9; *see also id.*, Ex. C (April 1, 2019 deed listing Wells Fargo as lender and Zhang and Li as borrowers ("Wells Fargo Security Instrument")). He appears to allege that Zhang and Li's loan application was faulty to the extent it was secured by the Wang Revocable Trust, alleging that Zhang and Li were not creditworthy but nonetheless "secretly received" an unauthorized government sponsored Fannie Mae residential loan. *Id.* ¶¶ 1, 2, 5.

Poorsina asserts two claims in his complaint. First, he asserts a claim "for cancellation of written instrument & quiet title" in which he alleges that each Defendant committed "fraud" and asserts that he is therefore entitled to a judgment cancelling the Wells Fargo Security Instrument and ordering return of possession and control of the Property to Poorsina. *Id.* ¶ 10. Poorsina's second claim is for punitive damages. *Id.* ¶ 11. That claim is based on the allegation that Defendants engaged in "vicious, willful, deceitful, unprecedented and unlawful disregard of life." *Id.* ¶11. Poorsina further alleges in his punitive damages claim that Defendants "defraud[ed] the financial industries by submitting [a] faulty application" for the government sponsored Fannie Mae loan. *Id.* ¶¶ 10–11.

---

[2] The Transfer Deed was signed on March 22, 2019 and recorded on April 1, 2019.

In the Complaint, Poorsina claims the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. section 2410 and California Code of Civil Procedure sections 762.020 and 762.060. *Id.* ¶ 3.

### C. The Motions to Dismiss

#### 1. Zhang/Li Motion

Zhang and Li ask the Court to dismiss this case, in its entirety, under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Zhang and Li contend the Complaint fails to allege federal question or diversity jurisdiction and that as to the latter, the Complaint alleges facts showing that diversity jurisdiction does *not* exist. Zhang/Li Motion at 2. In particular, they point out that Poorsina alleges in the Complaint that all Defendants reside in California and that the Complaint lists a San Francisco address for Poorsina on the face page. *Id.* at 2, 6. Zhang and Li further assert that Poorsina's reliance on 28 U.S.C. § 2410 as a basis for federal jurisdiction is misplaced. *Id.* at 2. According to Zhang and Li, § 2410 is a consent statue only and thus waives sovereign immunity as to the United States but does not confer jurisdiction upon a federal court to foreclose a lien, quiet title to property, partition or condemn property, or to entertain an interpleader suit. *Id.* at 5-6. Rather, they contend, there must be an independent basis for jurisdiction. *Id.* at 5–6. They assert that because the United States is not a party in this case and does not hold a lien or mortgage, Poorsina cannot rely on § 2410 to establish federal jurisdiction in this case. *Id.* at 6.

In support of their motion, Wang and Li also request that the Court take judicial notice of the following documents: (1) the May 12, 2005 Deed of Trust secured against the Property; (2) the Complaint, including Exhibits A-C attached thereto; (3) a Notice of Default against the Property, recorded May 4, 2017; and (4) a Notice of Trustee's sale for the Property, recorded August 8, 2017. Request for Judicial Notice in Support of Defendants Xiaosong Zhang and Meng Li's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Zhang/Li RJN").

#### 2. Wang Motion

In his motion, Wang argues that this case should be dismissed under Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction and in the alternative, under Rule 12(b)(6) for failure to state a claim. Wang's arguments with respect to subject matter jurisdiction mirror those made in Zhang and Li's motion. In particular, Wang argues that there is no federal question or diversity jurisdiction, that the allegations show that the parties are not diverse, and that the statute invoked by Poorsina, 28 U.S.C. § 2410, does not confer federal jurisdiction because it is merely a consent statute that does not provide an independent basis for federal jurisdiction. Wang Motion at 2, 4-6. Wang argues in the alternative that the Court should dismiss the claims against him under Rule 12(b)(6) for failure to state a claim because Poorsina asserts no cognizable legal claim.[3] The Court does not reach these arguments and therefore does not summarize them here.

In support of his motion, Wang requests the Court take judicial notice of three exhibits: (1) the Complaint, including Exhibits A-C attached thereto; (2) the Civil Docket report for Case No.: CV20-8282-DMR – *Ali Poorsina v. Peak Foreclosure Services, Inc.*, and (3) the Civil Docket report for Case No.: CV20-9122-AGT – *Ali Poorsina v. Tan Tseng, et al.*.

### 3. The Opposition

Poorsina filed an opposition to the motions to dismiss, but in it he does not address Defendants' arguments that there is no subject matter jurisdiction. Instead, the opposition brief consists largely of legal standards and repetition of the allegations in the complaint. *See, e.g.*, Opposition at 2-3 (arguing that Defendants engaged in a "conspiracy of borrowing a government-

---

[3] Wang also contends Poorsina fails to state a claim as to his wife, Qingwen Xi, who is referred to in Wang's brief as a "defendant." According to Wang, Poorsina "served defendant Xi with a summons but failed to name her as a defendant and did not even bother to include any factual allegations against her." Wang Motion at 1. Regardless of whether Xi was served with a summons, she was not listed as a defendant in the Complaint or the civil cover sheet filed with the Complaint. Therefore, Xi is not a party in this case. *See* Fed. R. Civ. P. 10 (requiring that complaint "include the names of all the parties."); *Ovalle v. Fresno Bee Newspapers*, No. CV08-6751 PSG (SHX), 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009) (holding that court properly declined to order service of a complaint on seven individuals who were not named as defendants or referenced in the complaint because it is "well-established that the complaint designates the original parties – plaintiffs and defendants" and therefore "from the face of the complaint it [was] apparent that the seven people Plaintiff [sought] to serve [were] not parties to the suit."); *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981) ("The rule serves to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings.").

5

sponsor [sic] Fannie Mae residential Balloon Rider loan through Wells Fargo Bank," and that "the assignment[ ] of the title transferred was improper and fraudulent." *Id.* at 2–3.

A week after Poorsina filed his opposition brief, Poorsina filed a document entitled "More Evidences Regarding Samuel Wang and Qingwen Xi's Conducts in San Francisco Public Records." Dkt. No. 15. The documents attached are public records that purportedly show that Wang and Xi[4] are involved in illegal activities involving the transfer of titles to secure government-sponsored loans. The Court construes this filing as a request for judicial notice.

### 4. Replies

In separate replies, Zhang and Li and Wang reiterate that there is no subject matter jurisdiction in this case. Wang further asserts as an alternative basis for dismissal that Poorsina has failed to state any cognizable claims. Both sets of defendants object to Poorsina's exhibits on the basis that they are unauthenticated and irrelevant.

### 5. Supplemental Opposition

After briefing on the Motions was complete, Poorsina filed another opposition brief. This supplemental filing largely consists of legal standards. To the extent Poorsina advances arguments in opposition to the Motions in his supplemental opposition brief, they are largely incomprehensible. For example, Poorsina asserts at one point, "[t]his Court should deny all Defendants motions to dismiss Plaintiff's complaint filed a claim against the local defendants, never solely by a 12(b)(6) motion to dismiss analysis or alternately a summary judgment inquiry." Supp. Opp. at 4. Elsewhere, Poorsina states: "The problem with the Defendants' assertion of jurisdiction is apparent on the face of their motions to dismiss the Complaint based on diversity of citizenship is not complete. The Defendants' denying of diversity of citizenship jurisdiction is deficient of lacked of judicial statement." *Id.* at 5.[5]

---

[4] For the reasons stated above, the Court finds that Xi is not a party in this case.

[5] Defendants object to this opposition brief on the basis that it was filed late and in violation of the Local Rules. *See* dkt. 21, 23. Because there is nothing in Poorsina's supplemental opposition brief that changes the Court's conclusions with respect to the determination of the pending motions, the Court need not reach this objection.

6

### III. ANALYSIS

#### A. Legal Standards Under Rule 12(b)(1)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "'In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party.'" *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, No. 19-CV-02195-H-JLB, 2020 WL 6106814, at *4 (S.D. Cal. July 14, 2020) (quoting *Strojnik v. Kapalua Land Co. Ltd.*, 379 F. Supp. 3d 1078, 1082 (D. Haw. 2019) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003))). In contrast, a factual challenge to subject matter jurisdiction "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

"Even when deciding a facial attack . . . a court can look beyond the complaint to consider documents that are proper subjects of judicial notice." *Collazo v. Fed. Nat. Mortg. Ass'n Corp.*, No. CV 13-00975 MMM JPRX, 2013 WL 2317798, at *3 (C.D. Cal. May 28, 2013) (citing *Maciel v. Rice*, No. CV–F–07–1231–LJO–DLB, 2007 WL 4525143, *2 (E.D. Cal. Dec.18, 2007) ("In a facial attack, subject matter jurisdiction is challenged solely on the basis of the allegations contained in the complaint (along with any undisputed facts in the record or of which the court can take judicial notice"))). On a facial challenge, the Court may also consider documents attached to

the Complaint under the doctrine of "incorporation by reference." *Klein v. U.S. Dep't of Interior*, No. 2:14-CV-00700-GEB, 2014 WL 5473534, at *2 (E.D. Cal. Oct. 23, 2014) (applying incorporation by reference doctrine in context of Rule 12(b)(1) motion bringing facial challenge to subject matter jurisdiction). Under that doctrine, "[a] court may . . . consider . . . documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir.2003).

Here, Defendants do not dispute the truth of the factual allegations in the Complaint. Rather, they argue that based on the allegations in the Complaint and the facts reflected in the documents that are attached to the Complaint or of which the Court can properly take judicial notice, there is no subject matter jurisdiction. Thus, they are making a facial challenge to subject matter jurisdiction.

### B. Requests for Judicial Notice

As a preliminary matter, the Court addresses Defendants' requests for judicial notice. The Court denies their requests with respect to the Complaint and the exhibits attached to the Complaint as these are documents of record in the instant action and therefore judicial notice is not required. *Diamond State Ins. Co. v. Marin Mountain Bikes, Inc*., No. C 11-5193 CW, 2012 WL 3945531, at *1 n. 1 (N.D. Cal. Sept. 10, 2012). The remaining documents attached to Defendants' requests for judicial notice are docket sheets and public records. These are properly the subject of judicial notice under Rule 201 of the Federal Rules of Evidence. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Therefore, the Court grants Defendants' requests as to those documents.

The Court declines to reach whether the exhibits submitted by Poorsina in support of his opposition to the instant motions are subject to judicial notice because those documents have no bearing on the issues that are presently before the Court.

### C. Whether there is Subject Matter Jurisdiction

In his Complaint and his opposition briefs, Poorsina relies on 28 U.S.C. § 2410 to establish the existence of subject matter jurisdiction. The Court concludes that his reliance is misplaced.

Moreover, from the face of the Complaint it is apparent that there is neither federal question jurisdiction nor diversity jurisdiction over Poorsina's claims.

Section 2410 states, in relevant part, that the "United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter" to quiet title to "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. The purpose of the statute is to waive sovereign immunity as to the United States. *Seattle Ass'n of Credit Men v. United States*, 240 F.2d 906, 908 (9th Cir. 1957). The section does not, however, confer jurisdiction upon district courts to entertain quiet title actions. *Seattle Ass'n of Credit Men v. United States*, 240 F.2d 906, 908 (9th Cir. 1957); *see also Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts.") (internal citations omitted). Rather, "[a] party seeking relief under Section 2410 . . . must show that subject matter jurisdiction exists under some other applicable statute." *Phelan v. Mecon Equip., LLC*, No. 2:10-CV-1651 KJM AC, 2013 WL 485954, at *2 (E.D. Cal. Feb. 6, 2013) (quoting Wright, Miller & Cooper, 14 Fed. Prac. & Proc. Juris. § 3656 (3d ed. 2012)).

One scenario involving § 2410 where subject matter jurisdiction exists is where the United States is named as a defendant in a state court action to quiet title and the United States choses to invoke federal jurisdiction by removing the case to federal court pursuant to 28 U.S.C. § 1444.[6] *See Hood v. United States*, 256 F.2d 522, 525 (9th Cir.1958) (holding that 28 U.S.C. § 1444 provides an independent basis for federal jurisdiction over a quiet title action under § 2410 that is removed to federal court by the United States). This was the basis for subject matter jurisdiction in one of the previous cases in which Poorsina was a party, *In re: 1563 28th Avenue, San Francisco, CA 94122*, discussed above. *See* No. 19-cv-1385 LB, dkt. 140 (Order Regarding Subject Matter Jurisdiction).

---

[6] That section provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

Federal jurisdiction may also exist in a quiet title action under § 2410 on the basis of 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . . ." In *Phelan*, the court explained that "[b]y alleging ownership of property subjected to a tax lien and putting in issue the validity of the lien, the plaintiff may predicate jurisdiction of the quiet title action on 28 U.S.C. § 1340 as an action arising under the internal revenue laws." 2013 WL 485954, at *2 (citing *United States v. Coson*, 286 F.2d 453 (9th Cir.1961) (holding that in an action pursuant to § 2410, the requirements of § 1340 are satisfied if the complaint alleges specific reasons why a federal tax lien is invalid, and at least one of those reasons raises a question concerning the construction or effect of a provision of the Internal Revenue Code)).

Here, neither of these grounds for subject matter jurisdiction over a quiet title action asserted under § 2410 exists. The United State was not named as a party and has not removed the case to federal court under any removal statute that might give rise to subject matter jurisdiction. Nor do Poorsina's claims "arise under the internal revenue laws" pursuant to § 1340 as no federal tax lien is alleged in the Complaint. Moreover, the federal tax lien that was claimed by the United States in the interpleader action discussed above in connection with the 2017 foreclosure of the Property has already been adjudicated.

Further, the Complaint fails to allege facts establishing the existence of subject matter jurisdiction on the basis of a federal question or diversity of citizenship. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides for federal jurisdiction to hear cases that "arise under" the Constitution, laws, or treaties of the United States. A case "arises under" federal law when federal law creates the cause of action or the vindication of a right under state law necessarily turns on some construction of federal law. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Diversity jurisdiction is governed by 28 U.S.C. § 1332 and provides for federal jurisdiction where no plaintiffs are citizens

10

of the same state as any defendants and the amount in controversy is more than $75,000. *See Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

Poorsina has not asserted any claim that is based on federal law or requires construction of any federal law. Therefore, it is clear from the face of the Complaint that there is no federal question jurisdiction over his claims. He also fails to allege facts establishing that there is diversity jurisdiction over this case. To the contrary, from the face of the Complaint it is apparent that the parties are not diverse, as Poorsina lists a San Francisco address on the face page and alleges in his Complaint that Wang resides at 175 Gold Mine Drive, San Francisco, California, and that Defendants Zhang and Li reside at 1563 28th Avenue, San Francisco, California. *See* Complaint ¶¶ 5-6.

Therefore, the Court finds that Poorsina has failed to establish the existence of subject matter jurisdiction in this action.[7]

### D. Whether Amendment is Futile

A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Smith v. Pac. Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (holding that under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be "freely given" unless amendment will result in undue prejudice to the opposing party or will be futile); *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996) ("Considering that Dumas filed four complaints and yet continued to allege insufficient facts, the district court properly dismissed his action without leave to amend.").

---

[7] A Court may not consider a case on the merits if it does not have jurisdiction. *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). A Rule 12(b)(6) dismissal for failure to state a claim is a judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002); *Federated Dep't Stores v. Moitie*, 452 U.S. 394 (1981). Therefore, the Court does not reach Defendants' challenges under Rule 12(b)(6) for failure to state a claim.

11

1  The Court finds that amendment is futile. Poorsina has filed two opposition briefs and
2  even liberally construed, he makes no arguments – either legal or factual – that suggest he can
3  amend his complaint to establish the existence of subject matter jurisdiction over his claims.
4  Therefore, the Court will not grant leave to amend the Complaint.

**IV.  CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' motions to dismiss and dismisses Poorsina's Complaint without leave to amend and without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."). The Clerk is instructed to enter judgment reflecting that this case has been dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  March 31, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge