UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA,<br>              Plaintiff,<br>    v.<br>XIAOSONG ZHANG, et al.,<br>              Defendants. | Case No. 20-cv-09119-JCS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 31 |

Plaintiff brings a Motion for Reconsideration in which he asks the Court reconsider its March 31, 2021 Order, dkt. no. 29, granting Defendants' motions to dismiss and dismissing his complaint without leave to amend on the basis that there is no federal jurisdiction over his claims. To the extent he seeks leave to file a motion for reconsideration under Civil Local Rule 7-9, the request fails because such a request must be made before judgment has been entered in the case. As the Court has already entered judgment, dkt. no. 30, Plaintiff's motion is untimely. Even construed as a motion to vacate judgment under Rule 60 of the Federal Rules of Civil Procedure, the Motion fails. Under Rule 60(b), the Court may relieve a party from a final judgment based on, *inter alia*, the discovery of new evidence that could not previously have been obtained with reasonable diligence. On the other hand, a Rule 60 motion cannot be used to "to reargue points already made, or that could have been made, in dispute of the underlying motion." *In re Jakubaitis*, No. 8:13-BK-10223-TA, 2021 WL 1293856, at *9 (B.A.P. 9th Cir. Apr. 7, 2021).

While Plaintiff contends in the Motion that he brings newly discovered evidence in support of his claims, he does not demonstrate that this evidence could not have been obtained before the motions to dismiss were decided by acting with reasonable diligence. Nor does this "new evidence" have any bearing on the Court's conclusions. As the Motion is simply an attempt to

reargue points that Plaintiff already made – or could have made – in opposition to the motions to dismiss, the Court DENIES the Motion.

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge

2